## Russell Estate

*Scott W. Calderwood*, for petitioner.

WOLFE, *P. J.*, April 28, 1975—On October 2, 1959, L. V. Russell executed his last will and testament creating a life estate in his wife and daughter with the remainder to others. Subsequently decedent's wife died and his daughter is being maintained in a nursing home.

Part of the principal of the trust created for the life beneficiaries includes testator's residence at 103 Conewango Avenue, Russell, Pa., which he directed in his will to be maintained as a home for the life beneficiaries and not to be sold during their

lifetime. Testator permitted the trustee to sell such timber as may be necessary to effect the operation of the trust.

The trustee, Warren National Bank, has petitioned the court to abandon the residence at 103 Conewango Avenue under section 7132 of the Probate, Estate and Fiduciaries Act of June 30, 1972, P. L. 508, effective July 1, 1972, alleging this asset is in such a state of disrepair that it cannot be restored to a habitable condition without extensive repairs and costs to the balance of the trust.

The evidence would fairly conclude the fair market value of the residence is $5,800. and has a lot size 58 feet by 174 feet. The current taxes are $265. per year and the fire insurance maintenance is $29. per year. There is no rental income from the premises, as it is not in a tenantable condition.

The cost to repair the property to a rentable condition is estimated at $11,375. and the marketable timber currently available for this purpose from other tracts of land is estimated at $13,900. net.

The trustee was of the opinion it would not be profitable to restore the premises which, in its opinion, after restoration would bring a rental of approximately $135. per month.

Section 7132 of the Act provides:

"When any property is so burdensome or is so encumbered or is such condition that it is of no value to the trust, the trustee may abandon it. When such property cannot be abandoned without transfer of title to another or without a formal renunciation, the court may authorize the trustee to transfer or renounce it without consideration if it shall find that this will be for the best interests of the trust."

The evidence would fairly conclude that if the marketable timber were used to repair the prem-

ises, even assuming a rate of $135. gross rental per month it would be in excess of 11 years before the rental income would equal the current cost of repair, notwithstanding annual maintenance; further, the marketable timber will increase in value in the future years if it is not cut at this time.

The remaindermen have no objections to the abandonment which, in effect, accelerates their interest.

Considering the current status of the property and the costs of repairs in relation to the deterioration of the timber assets we conclude the trustee would be acting economically unwisely to restore the premises to a tenantable condition as the facts now appear and we therefore will grant permission to abandon the property and enter the following

## ORDER

And now, April 28, 1975, the trustee, Warren National Bank, is authorized to abandon the trust asset from the estate of L. V. Russell, being a house and lot at 103 Conewango Avenue, Russell, Pa. and to execute a deed without consideration to the remaindermen under the trust.